IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CINDY PAHMIYER                                                  PLAINTIFF

vs.                                Civil No. 5:20-cv-05197

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION                                       DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 22. Defendant has responded to this Motion and has no objections. ECF No. 25.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

1.     **Background:**

Cindy Pahmiyer, ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On October 12, 2021, Plaintiff's case was reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 20.

On November 11, 2021, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 22. With this Motion, Plaintiff requests an award of attorney's fees in the total amount of $5,775.35. *Id.* This amount represents 28.45 attorney hours at an hourly rate of $203.00 for work performed in 2020 and 2021. *Id.* Defendant responded to this Motion and had no objections. ECF No. 25.

**2.     <u>Applicable Law:</u>**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.   Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 21. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $5,775.35. ECF No. 22. This amount represents 28.45 attorney hours at an hourly rate of $203.00 for work performed in 2020 and 2021. *Id.* These requested hourly rates for attorney work are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates for 2019-2020. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the Court authorizes $203.00 as an hourly rate for work performed in 2020 and 2021. Thus, the Court recommends this amount be awarded.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 22-1. This Court notes that Defendant has not objected to the number of hours for which

counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.

Finally, fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id*. 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 22) be **GRANTED**, and Plaintiff be awarded **$5,775.35**. This amount represents 28.45 attorney hours at an hourly rate of $203.00 for work performed in 2020 and 2021.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 3rd day of December 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE